UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS RAMINGER, JR.,

        Plaintiff,

v.                                                                          3:17-CV-116 (ATB)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

PETER GORTON, ESQ., for Plaintiff
ALEXANDER BROCHE, SPECIAL ASS'T U.S. ATT'Y, for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER

WHEREAS, counsel for plaintiff has moved for a supplemental award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 19), as to which counsel for the Commissioner raised only the issue as to whether the fee sought by counsel would constitute a "windfall." (Dkt. No. 24), and

WHEREAS, for the reasons stated in plaintiff's counsel's Notice (Dkt. No. 19) and Declaration (Dkt. No. 19-1), the court finds that: (1) the supplemental amount requested does not exceed the statutory 25% contingency cap[1]; (2) there was no suggestion in the

---

[1] Counsel received a prior fee of $6,000 in connection with administrative proceedings, which no longer counts towards the 25% cap. *See Culbertson v. Berryhill*, _ U.S. _, 139 S. Ct. 517 (2019) (the 25% cap in the Social Security Act provision limiting attorney fees for representation in federal court to 25% of past-due benefits applies only to fees for representation before the court, not to aggregate fees awarded for representation before both the court and the agency). However, even considering the prior fee, the total compensation sought by counsel ($21,540) does not exceed 25% of the total back benefits awarded to plaintiff ($122,032.50), which would amount to $30,508.13.

record of any fraud or overreaching in the making of the fee agreement; and (3) the requested supplemental amount, which reflects an effective hourly rate of $600, is high by the standards of the Northern District of New York, but not so large as to constitute a "windfall" to the attorney in the circumstances of this case, particularly in light of the contingent fee arrangements common in Social Security disability appeals.  *See, e.g., Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, *3-4 (E.D.N.Y. Mar. 27, 2008) (finding award equivalent to $714.09 per hour not a windfall); *Blizzard v. Commissioner of Soc. Sec.*, 496 F. Supp. 2d 320, 323-24 (S.D.N.Y. 2007) (finding award equivalent to $705 per hour not a windfall); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (finding award equivalent to $891.61 per hour not a windfall); *Whittico v. Colvin*, No. 09-CV-907, 2014 WL 1608671 (N.D.N.Y. Apr. 22, 2014) (finding effective hourly rate of $1,100.62 a windfall, but reducing rate to $685.28 per hour).

ACCORDINGLY, the court determines that the amount of the fees requested for the time spent and results achieved in this District Court case is reasonable and ORDERS that plaintiff's motion (Dkt. No. 19) seeking an award of additional attorney fees in the sum of $15,540, pursuant to 42 U.S.C. § 406(b) be GRANTED.

Dated:  August 8, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge